| | |
|---|---|
| NuVasive, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Michael Jones<br>and<br>Kenneth Kormanis,<br><br>Defendants,<br><br>v.<br><br>InoSpine, LLC,<br><br>Third Party Defendant | **Defendant Kenneth Kormanis's Reply<br>to Plaintiff's Memorandum in<br>Opposition to Defendant's Motion to<br>Dismiss<br>for Failure to State a Claim** |

COMES NOW Defendant Kenneth Kormanis ("Kormanis"), by and through the undersigned counsel, and pursuant to Local Rule 7.3(h), and submits the following Reply to Plaintiff NuVasive, Inc.'s ("Plaintiff's") Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim. (Document No. 23, hereinafter the "brief.")

Plaintiff's brief overlooks a crucial step in its analysis of the enforceability of third party beneficiary provisions, mistakenly applies general contract law principles instead of the principles of North Carolina employment law, and relies on inapposite and non-precedential case law.

1

## I. Third Party Beneficiary Analysis Must Begin with a Valid Contract.

The intent of the parties at the time they entered into a contract matters little if the contract itself is void. *Babb v. Bynum*, 643 S.E.2d 55, 57 (N.C. App. 2007). Plaintiff argues the enforceability of a third party beneficiary provision depends entirely on the intent of the Parties at the time they entered into the contract. (Document No. 23, p. 4.)

Plaintiff's formulation, however, neglects the crucial requirement that "before any question as to the rights of third party beneficiaries can arise, it must be established that the agreement between the parties" is valid and enforceable. *Pickelsimer v. Pickelsimer*, 127 S.E.2d 577, 562-63 (N.C. 1962) (*citation omitted*). A reviewing court will "interpret a contract according to the intent of the parties…**unless such intent is contrary to law**." *Williams v. Habul*, 724 S.E.2d 104, 111 (N.C.App. 2012) (emphasis added). A North Carolina court will not enforce overly broad restrictive covenants, regardless of the intent of the parties at the time they entered into the agreement, because restrictions "wider in scope than necessary to protect the business of the employer" violate the state's public policy. *Hartman v. WH Odell and Assocs.*, 450 S.E.2d 912, 919 (N.C.App. 1994) (*quoting Beasley v. Banks,* 368 S.E.2d 885, 886 (1988)).

Therefore, the "proper inquiry" is not whether Defendant InoSpine and Defendant Kormanis intended for the Plaintiff to be a third party beneficiary to the Employment Agreement at the time they entered into it, but whether North Carolina law permits third party beneficiaries to enforce restrictive covenants. As discussed further in Section II, below, it is unlikely a North Carolina court would allow a party other than the employer

2

or the employer's successor in interest to enforce a restrictive covenant, regardless of the parties' intent, as restrictive covenants are only enforced to the extent they protect the legitimate business interests of the employer or the employer's successor in interest. *See Hartman v. WH Odell and Assocs.*, 450 S.E.2d 912, 916 (N.C. Ct. App. 1994); *see also Reynolds and Reynolds Company v. Tart*, 955 F. Supp. 547, 558 (W.D.N.C. 1997). No North Carolina precedent exists for considering the interests of a third party beneficiary to a restrictive covenant, whether such beneficiary was intentional or not.

## II. Restrictive Covenants Subjected to Increased Judicial Review

Kormanis does not dispute that North Carolina courts allow third party beneficiaries to enforce contracts executed for their benefit, however the State's appellate courts have explicitly declined to extend the third party beneficiary doctrine to the context of post-employment restrictive covenants. *Manpower of Guilford County, Inc. v. Hedgecock*, 257 S.E.2d 109 (1979). This refusal makes sense, given the sharp distinction between the perfunctory review North Carolina courts afford general contracts and the careful scrutiny with which its courts review restrictive covenants in employment contracts.

North Carolina public policy supports the freedom of parties to "contract on their own terms without the indulgence of paternalism by courts in the alleviation of one side or another from the effects of a bad bargain...they should be permitted to enter into contracts that actually may be unreasonable or which may lead to hardship on one side." *Westmoreland v. High Point Healthcare, Inc.* 721 S.E.2d 712 (N.C. App. 2012) (*quoting*

*Blaylock Grading Co., LLP v. Smith*, 658 S.E.2d 680, 682 (2008)). In the *laissez-faire* context of general contract law, it makes sense that any inquiry into the validity of a third party beneficiary provision starts and ends with the intent of the parties. Restrictive covenants, however, will not be enforced unless they pass judicial scrutiny, which includes a measure of whether the restrictions are designed to protect the legitimate business interests of the employer.

### III. The Extension of State Law Plaintiff Requested is Not Supported by Law

Plaintiff's brief tacitly admits there is no legally binding precedent for extending third party beneficiary principles to restrictive covenants in North Carolina. (Document No. 23, p. 5, FN 4.) In the absence of binding or persuasive authority, Plaintiff relies on *obiter dicta* from an unpublished case[1] and a factually distinct and non-precedential case decided by another district court.[2] Plaintiff has not provided any persuasive authority from other jurisdictions.[3]

When a federal court sitting in diversity considers a novel question of state law, it strives to rule "as the state court would do if confronted with the same fact pattern." *Certain Underwriters at Lloyd's, London v. Cohen*, 785 F.3d 886, 892 (4th Cir. 2015)

---

[1] *Battleground Veterinary Hospital, P.C. v. McGeough* (Case No. 05-CVS-18918, N.C. Sup. Ct. Oct. 19, 2007). Not only is *Battleground Veterinary Hospital* a factually dissimilar unpublished opinion from a non-precedential court, but the passage on which Plaintiff relies is merely *dicta*. "Language in an opinion not necessary to the decision is *obiter dictum* and later decisions are not bound thereby." *Trustees of Rowan Technical College v. J. Hyatt Hammond Assocs., Inc.*, 328 S.E.2d 275, 281 (1985).
[2] *United Healthcare Services v. Richards*, No. 3:96-cv-215 (W.D.N.C., September 30, 2010). The contract at issue in *United Healthcare Services* was governed by Minnesota law rather than North Carolina law, and the second party to the contract, *UnitedHealth Group* was a wholly owned subsidiary of the Defendant's employer, the Plaintiff, *United Healthcare Services*.
[3] *Clark v. Bluepearl Kentucky, LLC*, 22 F. Supp. 3d 709, 712-13 (W.D. Ky. 2014) This case concerns the right of a successor in interest to enforce restrictive covenants, which is not at issue in the present matter.; *Variable Annuity Life Ins. Co. v. Joiner*, 454 F. Supp. 2d 1297, 1302-03 (S.D. Ga. 2006) concerns an employer's enforcement of a restrictive covenant between an employee and a wholly-owned subsidiary of the employer's.

4

(*quoting Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994)). The federal court should respond conservatively and should decline to extend state law beyond what has been approved by the courts of the state whose law is at issue. *See, e.g. Rhodes v. DuPont De Nemours and Company*, 636 F.3d 88, 96 (4th Cir. 2011); *see also Teague v. Bakker*, 35 F.3d 978, 991 (4th Cir. 1994). Plaintiff has not provided sufficient legal authority for the Court to extend North Carolina employment law in the way the Plaintiff requests.

Certification of word limit: 1182

**THIS THE 19TH DAY OF JUNE, 2018.**

                             **SEIFERFLATOW, PLLC**
                    **By:**    **S/ Elizabeth Vennum**
                             **ELIZABETH VENNUM**
                             **NC State Bar No. 49747**
                             **Counsel for Defendant Kenneth Kormanis**
                             **2319 Crescent Avenue**
                             **Charlotte, North Carolina 28207**
                             **(704) 512 0606**