# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION
### CIVIL ACTION NO. 1:18-cv-00282

NuVasive, Inc.,

                  **Plaintiff/ Counterclaim Defendant,**

v.

Michael Jones and

Kenneth Kormanis,

                        **Defendants.**

---

Michael Jones,

                  **Counterclaim Plaintiff,**

v.

InoSpine, LLC and
Jarrett Clay,

                  **Counterclaim Defendants.**

---

Kenneth Kormanis,

                  **Crossclaim Plaintiff,**

v.

InoSpine, LLC

                  **Crossclaim Defendant.**

**Defendant Kenneth Kormanis's
Amended Answer, Affirmative Defenses,
Crossclaims, and Counterclaims**

NOW COMES Defendant and Counterclaim/Crossclaim Plaintiff, Kenneth

Kormanis ("Kormanis"), and amends his Answer, Affirmative Defenses, and Crossclaims

Case 1:18-cv-00282-CCE-LPA   Document 43   Filed 07/27/18   Page 1 of 31

(Document No. 39) as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A) and 15(c) as follows:

## ANSWER TO NUVASIVE'S COMPLAINT

Kormanis answers the correspondingly numbered paragraphs of the Complaint as follows:

1.    Denied.

2.    Kormanis is without knowledge or information sufficient as to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies the allegations.

3.    Kormanis is without knowledge or information sufficient as to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies the allegations.

4.    It is admitted that Kormanis is a former sales representative for Inospine and admitted that Kormanis is a citizen of the State of North Carolina and resides in Greensboro.   Except as expressly admitted, all other allegations in Paragraph 4 are denied.

## Jurisdiction and Venue

5.    Denied.

6.    Denied.

## **Factual Allegations**

7.     Admitted that NuVasive is a manufacturer of spine-related medical products. Except as expressly admitted, all allegations in Paragraph 7 are denied.

8.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies the allegations.

9.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies the allegations.

10.    Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies the allegations.

11.    Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies the allegations.

12.    Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies the allegations.

13.    Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore denies the allegations.

14.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore denies the allegations.

15.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies the allegations.

16.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies the allegations.

17.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies the allegations.

18.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore denies the allegations.

19.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies the allegations.

20.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies the allegations.

21.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies the allegations.

22.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and therefore denies the allegations.

23.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore denies the allegations.

24.     Admitted.

25.     Admitted.

26.     The Disputed Agreement is in writing and speaks for itself. To the extent the allegations of Paragraph 26 of the Complaint differ in any respect from the written document, the allegations are denied. Except as expressly admitted, denied.

27.     The Disputed Agreement is in writing and speaks for itself. To the extent the allegations of Paragraph 27 of the Complaint differ in any respect from the written document, the allegations are denied. Except as expressly admitted, denied.

28.     The Disputed Agreement is in writing and speaks for itself. To the extent the allegations of Paragraph 28 of the Complaint differ in any respect from the written document, the allegations are denied. Except as expressly admitted, denied.

29.     Denied.

30. The Disputed Agreement is in writing and speaks for itself. To the extent the allegations of Paragraph 30 of the Complaint differ in any respect from the written document, the allegations are denied. Except as expressly admitted, denied.

31. Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore denies the allegations.

32. Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore denies the allegations.

33. Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and therefore denies the allegations.

34. Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and therefore denies the allegations.

35. It is admitted that Kormanis terminated his employment with InoSpine on March 3, 2018. Except as expressly admitted, all other allegations in Paragraph 35 are denied.

36. Admitted.

37.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and therefore denies the allegations.

38.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Jones and therefore denies the  allegations. Kormanis denies the remaining allegations of Paragraph 38 of the Complaint.

39.     It is admitted that Kormanis is affiliated with Alphatec.  Except as expressly admitted, all other allegations in Paragraph 39 are denied.

40.     It is admitted that Kormanis' LinkedIn profile states he is a "Team Leader" for ReAlign Spine.  Except as expressly admitted, all other allegations in Paragraph 40 are denied.

41.     Admitted.

42.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and therefore denies the allegations.

43.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and therefore denies the allegations.

44.     Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and therefore denies the allegations.

45.     It is admitted that Kormanis attended an education lab hosted by Alphatec in Charlotte during the week of March 5, 2018.  Except as expressly admitted, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and therefore denies the allegations.

## Count I – Injunctive Relief (Defendants)

46.     Kormanis incorporates his responses to the preceding paragraphs as if fully set forth herein.

47.     The Disputed Agreement is in writing and speaks for itself. To the extent the allegations of Paragraph 47 of the Complaint differ in any respect from the written document, the allegations are denied.

48.     The Disputed Agreement is in writing and speaks for itself. To the extent the allegations of Paragraph 48 of the Complaint differ in any respect from the written document, the allegations are denied.

49.     Denied.

## Count II – Breach of Contract Pre-Termination (Jones)

50.     Kormanis incorporates his responses to the proceeding paragraphs as if fully set forth herein.

51.     The allegations of Paragraph 51 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 51 of the Complaint and therefore denies the allegations.

52.     The allegations of Paragraph 52 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint and therefore denies the allegations.

53.     The allegations of Paragraph 53 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and therefore denies the allegations.

54.     The allegations of Paragraph 54 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint and therefore denies the allegations.

## Count II – Breach of Contract Pre-Termination (Jones)

55.     Kormanis incorporates his responses to the proceeding paragraphs as if fully set forth herein.

56. The allegations of Paragraph 56 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and therefore denies the allegations.

57. The allegations of Paragraph 57 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and therefore denies the allegations.

58. The allegations of Paragraph 58 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and therefore denies the allegations.

59. The allegations of Paragraph 59 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint and therefore denies the allegations.

## Count IV – Breach of Contract at Termination (Defendants)

60.     Kormanis incorporates his responses to the proceeding paragraphs as if fully set forth herein.

61.     Paragraph 61 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, denied.

62.     Denied.

63.     Denied.

64.     Denied.

## Count V – Breach of Contract Post-Termination (Kormanis)

65.     Kormanis incorporates his responses to the proceeding paragraphs as if fully set forth herein.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

## Count VI
## Violation of North Carolina Unfair and Deceptive Trade Practices Act (Jones)

70.     Kormanis incorporates his responses to the proceeding paragraphs as if fully set forth herein.

71.     The allegations of Paragraph 71 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 71 of the Complaint and therefore denies the allegations.

72. The allegations of Paragraph 72 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint and therefore denies the allegations.

73. The allegations of Paragraph 73 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint and therefore denies the allegations.

74. The allegations of Paragraph 74 of the Complaint are not directed toward Kormanis and, accordingly, Kormanis need not respond. To the extent Kormanis is required to respond, Kormanis is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint and therefore denies the allegations.

## **CLAIM FOR RELIEF**

**WHEREFORE**, Defendant Kenneth Kormanis, having answered the Complaint of the Plaintiff, prays:

1. That the Plaintiff have and recover nothing from Kormanis.

2. That the costs of this action be taxed to Plaintiff; and

3. That Kormanis have and recover such other and further relief as to the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Defendant Kormanis, in keeping with the applicable rules of civil procedure, hereby pleads separately, consecutively, and where needed in the alternative, the following affirmative defenses based on facts currently known directly, or set forth upon information and belief regarding matters as may be found to be supported by fact and law during discovery. Without admitting the truth of NuVasive's assertions, all defenses as now known or as found to exist are hereby pled in bar to NuVasive's claims, in addition to the following defenses. Further, Kormanis reserves the right to plead future defenses and claims as they may become evident during the discovery phase in this case, in addition to the following specifically set forth defenses.

## FIRST AFFIRMATIVE DEFENSE
### 12(b)(1) Lack of Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over this action because there is not complete diversity between all plaintiffs and all defendants. The primary purpose of this action is to determine the validity and enforceability of two Agreements. NuVasive, Clay, and InoSpine (collectively "the "Corporate Parties") ask the Court to enforce the Agreements, and Jones and Kormanis (together the "Individual Parties") ask the Court to declare them unenforceable. No Corporate Party asserts any claim against any other Corporate Party, and neither Individual Party asserts a claim against the other. When the

Parties are realigned in accordance with their stance the Agreements, the Corporate Parties are on one side, and the Individual Parties are on the other. InoSpine is a North Carolina corporation, and its presence as a plaintiff against non-diverse defendants destroys complete diversity. InoSpine is a necessary and indispensable Party to this Action, and therefore should not be dropped, nor should the claims by and against InoSpine be severed to create diversity.

**SECOND AFFIRMATIVE DEFENSE**
**Failure to State a Cause of Action**

Kormanis allege that the Complaint, and each cause of action thereof, fails to allege facts or other allegations sufficient to constitute a cause of action against Kormanis.

**THIRD AFFIRMATIVE DEFENSE**
**Laches**

To the extent that NuVasive has failed to assert any of its rights subject to this action in a timely manner, then its claims are subject to dismissal under the doctrine of laches

**FOURTH AFFIRMATIVE DEFENSE**
**Waiver**

To the extent that NuVasive waived any of its rights subject to this action, such related claims are subject to dismissal under the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE
### Unclean Hands/ Plaintiffs' Own Conduct

By its own conduct and actions, NuVasive has waived its right to any recovery from Kormanis.

## SIXTH AFFIRMATIVE DEFENSE
### Estoppel

NuVasive's claims, or parts thereof, are barred by the doctrine of waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### Lack of Consideration/ Against Public Policy

Kormanis alleges as a defense to NuVasive 's claim for breach of contract that the alleged contract was void for lack of consideration and/or in violation of North Carolina public policy.

## EIGHTH AFFIRMATIVE DEFENSE
### Obligations Void or Excused

To the extent NuVasive alleges Kormanis has any obligations or duties as to which full performance has not been rendered or excused, then to the extent found applicable and as supported by findings of fact, Kormanis preserves and asserts the defense that such obligations and duties did not exist or were based upon acts or omissions that were void or otherwise extinguished, under law, in equity, and/or as a matter of public policy or other cognizable legal principal based upon facts involved in this case, and that this is a complete defense to all such allegations and claims.

## RESERVATION OF DEFENSES

Kormanis expressly reserves any additional and further defenses as may be revealed throughout the course of discovery in this matter or upon receipt of additional information.

## COUNTERCLAIMS AND CROSSCLAIMS

Defendant and Crossclaim/Counterclaim Plaintiff Kenneth Kormanis, complaining of Crossclaim Defendant Inospine, LLC and amending his pleading as of right to seek relief in respect to Counterclaim Defendant NuVasive, Inc., (hereinafter the "Corporate Parties") alleges and complains as follows:

### Parties

1.      Kormanis is a citizen and resident of Greensboro, Guilford County, North Carolina.

2.      Crossclaim Defendant Inospine, LLC ("Inospine"), is a corporation organized and existing under the laws of North Carolina, with its principal office in the State of North Carolina, and at the time of the event complained of was authorized to and regularly conducted business within this state.  All allegations contained herein against Inospine, LLC also refer to and include the principals, agents, employees, wholly-owned or partially-owned subsidiaries, and/or servants of said Crossclaim Defendant, either directly or vicariously, under the principles of corporate liability, the completed and accepted doctrine, apparent authority, agency, ostensible agency, and/or *respondeat*

*superior*, and that the acts, practices, and omissions of Inospine, LLC employees and/or agents are imputed to their employer Inospine, LLC.

3.        Counterclaim Defendant NuVasive, Inc. ("NuVasive"), is a corporation organized in Delaware, with its principal office in the State of California, and at the time of the event complained of was authorized to and regularly conducted business within this state.  All allegations contained herein against NuVasive also refer to and include the principals, agents, employees, wholly-owned or partially-owned subsidiaries, and/or servants of said Counterclaim Defendant, either directly or vicariously, under the principles of corporate liability, the completed and accepted doctrine, apparent authority, agency, ostensible agency, and/or *respondeat superior*, and that the acts, practices, and omissions of NuVasive employees and/or agents are imputed to their employer NuVasive.

## Jurisdiction and Venue

4.        Jurisdiction has been alleged in this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

5.        It has been alleged that venue is proper in this Court pursuant to 28 U.S.C. §1391.

## Factual Background

6.        NuVasive manufactures medical devices for use in spine surgery.

7.        Inospine is a distributor of products manufactured and/or marketed by NuVasive.

8.      Inospine employs salespeople to make sales calls on physicians and hospitals, with each salesperson assigned to his or her designated "Territory."

9.      In February of 2014, Clay, the distributor principal of Inospine, offered Kormanis employment as a spine specialist for Inospine.

10.      Kormanis expressed concern to Clay about the terms proposed by Inospine, including its two (2) year non-competition clause, which was higher than the one (1) year industry standard and the four percent (4%) commission rate, which was lower than the industry standard.

11.      Clay persuaded Kormanis to accept the low 4% commission rate by assuring him of two things: First, that Kormanis would receive commission from his prospective partner's sales as well as his own, so his commission would be more like 8%; and second, that as soon as Clay finished paying a 2-year buyoff agreement to the former distributor principal, he would increase Kormanis's commission rate.

<u>**The Employment Agreement**</u>

12.      Kormanis's Employment Agreement (the "Agreement" or the "Employment Agreement") contained the following provisions, among others relevant to this action:

        a)      "Employee hereby accepts employment with Employer, to engage in the sale of orthopedic, spinal, and other medical products for and on behalf of Employer, in the cities and/or counties listed on Schedule A

(as it may be amended from time to time upon *mutual* agreement of the parties)." (Emphasis added.)

  b)  "Employee will also be reimbursed for all properly documented necessary and reasonable business expenses, as determined by Employer, incurred by him in connection with his services hereunder."

  c)  Non-Competition. "…During the Term of this Agreement and for a period of two (2) years following Employee's last day of employment, Employee will not compete with Employer in Employee's territory, as defined in Schedule A as it may be amended from time to time by Employer…"

  d)  Non-Solicitation of Customers. "…For a period of two (2) years following the last day of Employee's employment, Employee will not compete with Employer within the Employee's Territory by…soliciting or accepting business competitive to Employer from, or providing competing products and/or services to, any person or entity, from whom or which Employee accepted business on behalf of Employer or to whom… Employee provided products and/or services during the one-year period preceding the last day of Employer's employment."  The Agreement also purported to restrict Mr. Kormanis from… "Soliciting or accepting competing business from or providing competing products and/or services to, any person or entity from whom or which Employee personally solicited

business on behalf of Employer during the three (3) month period immediately preceding the last day of Employee's employment.:

e)      Non-Solicitation of Employees.  For one (1) year after the end of his employment, "Employee shall not, directly or indirectly, solicit or induce, or attempt to solicit or induce, any individual employed by Employer at any time during the three (3) month period preceding Employee's last day of employment, to leave Employer for any reason whatsoever, [nor will] Employee employ or otherwise hire any such employee for any reason whatsoever…"

f)      Territory.  "Schedule A" set forth Employee's Territory as Guilford, Forsyth, Stokes, and Rockingham counties.

g)      Compensation.  "Schedule B" set forth that Employee's compensation would be "on a pure commission basis," and that "Employer shall determine the commission rate for each pay period, at the commission structure discussed with Employee by Employer, and said determination shall be in the sole and absolute discretion of Employer."

h)      Independence of Restrictive Covenants.  Paragraph 21 of the Agreement stated that the restrictive covenants were "of the essence" of the Agreement, that "they shall be construed as independent of any other provision" in the Agreement.  Paragraph 21 also claimed that "The existence of any claim or cause of action of the Employee against

Employer, whether predicated on this Agreement or not, shall not constitute a defense to the enforcement by Employer of the restrictive covenants contained herein," however the Agreement contained no independent consideration to support this "independent" provision.

13.      The Agreement contained the following language:  "NuVasive, Inc., and its successors and assigns, are intended to be and hereby are third party beneficiaries of this Agreement with full contractual and other rights to directly enforce [certain] provisions…"

### Employment with InoSpine

14.      During the year 2014, Inospine paid Kormanis a base commission rate of four percent (4%) on all business for "Greensboro Team" Sales, which were sales that occurred at Moses Cone Memorial Hospital, Greensboro Specialty Surgery Center, and Morehead Memorial Hospital.

15.      Kormanis spent the majority of his time providing sales and service at Moses Cone Hospital and Greensboro Specialty Surgery Center while his partner, Natasha McCray, provided sales and service to Morehead Memorial Hospital in the Eden area, although the two collaborated about once a month.

### Breach of the Employment Agreement

16.      In late 2014, Inospine began refusing to reimburse Kormanis for properly documented business expenses, despite the fact that the expenses at issue, work-related

flights and hotels, were listed as reimbursable expenses in Inospine's Employee Handbook.

17.     In 2015, Inospine hired Robert Newman ("Newman") as another sales representative for the "Greensboro Team," assigning Newman to the Eden territory at a commission rate of seven percent (7%).

18.     Clay informed Kormanis that InoSpine would no longer compensate Kormanis on Eden area sales.

19.     Kormanis objected to this reduction in his territory, as his Employment Agreement stated that his territory would only be amended "upon mutual agreement" of himself and Inospine.

20.     Clay did not acknowledge Kormanis's objections, nor did he increase Kormanis's commission rate to compensate for the reduction in territory.

21.     During the years 2016 and 2017, Kormanis's workload increased considerably as he took on managerial responsibility in addition to his regular sales duties, but his rate of compensation remained the same.

22.     At Kormanis's annual meeting with Clay in January of 2018, Clay informed Kormanis that Inospine was reducing his territory even more, this time removing Forsyth County and Stokes County from the dwindling list counties for which Kormanis would receive commission.  Kormanis protested this change, but Clay again disregarded Kormanis's protests.

23.     Kormanis accepted Clay's employment offer based in part on Clay's representations about territory. Kormanis's Employment Agreement gave him four counties, but by January of 2018, Kormanis's territory had been reduced to just one hospital, "Moses Cone Hospital."

24.     Inospine refused to compensate Kormanis for sales made in Rockingham County in 2015, 2016, 2017, or January and February of 2018, nor did Kormanis receive commission for sales made in Forsyth County from December of 2017 through February of 2018, a total estimated loss of more than two hundred and eighty thousand dollars ($280,000).

25.     Inospine unilaterally changed Kormanis's commission structure such that Kormanis stood to earn around 22% less in 2018 than in 2017.

### Resignation and State Court Case

26.     On March 2, 2018, Kormanis resigned from employment at Inospine.

27.     In letters sent to counsel for Kormanis on March 9 and March 16, 2018, counsel for Inospine declared Inospine's intent to enforce the restrictive covenants in the Employment Agreement and demanded "immediate written assurances that Kormanis will have no direct or indirect contact with hospital customers" in Guilford County, Forsyth County, Stokes County, or Rockingham County.

28.     On March 21, 2018, Kormanis filed an Application to Extend time to File Complaint against InoSpine in Mecklenburg County Superior Court.

29.     On April 10, 2018, Kormanis filed a Complaint for Declaratory Judgment and Damages against InoSpine in Mecklenburg County Superior Court.

30.     The following day, April 11, 2018, NuVasive filed its Complaint in the present matter, naming Kormanis and Jones as defendants.

31.     Given the similarities between the state and federal actions pending, InoSpine and Kormanis filed a consent motion to stay the state court action "until the federal action and all appeals are concluded or to the extent the district court fails to retain jurisdiction over the claims in the federal action."

## The Present Case

32.     Because North Carolina only enforces restrictive covenants to the extent they protect the legitimate business interests of the employer, and because NuVasive is an alleged third party beneficiary with separate business interests, Kormanis denies the validity and enforceability of the restrictive covenants as to NuVasive.

33.     Because the independent restricted covenants in the Employment Agreement are not supported by independent consideration, Kormanis denies the validity and enforceability of the restrictive covenants and contends he has no obligation to abide by their restrictions.

34.     To the extent that the Employment Agreement might be a valid, contract, Kormanis contends that any continuing obligation it purports to impose on him has been excused because of Inospine's multiple material breaches of the Employment Agreement.

35.     Therefore, an actual controversy exists between the Corporate Parties and Kormanis as to whether the Employment Agreement is a valid contract and whether the restrictive covenants are valid and enforceable with respect to Kormanis.

36.     As set forth in 28 U.S.C. §2201, Kormanis is an interested person with respect to the Employment Agreement, as are NuVasive and InoSpine.

37.     Pursuant to 28 U.S.C. §2201, *et seq.*, Kormanis seeks a declaration of rights, status, and other legal relation from the Court, determining the validity and enforceability of the restrictive covenants in the Agreement.

### First Claim
### Declaratory Relief as to NuVasive
(Restrictive Covenants Unenforceable by Third Party Beneficiary)

38.     Kormanis re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

39.     Pursuant to 28 U.S.C. §2201 *et seq*, should this Court determine it has jurisdiction over this matter, Kormanis respectfully requests the Court declare the purported restrictive covenants unenforceable by NuVasive.

### Second Claim
### Declaratory Relief as to NuVasive and InoSpine
(Restrictive Covenants Unenforceable for Lack of Independent Consideration)

40.     Kormanis re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

41.     The Employment Agreement states that the restrictive covenants are to be construed independently of any other provision of the Agreement.

42.     As a separate provision, the restrictive covenants require separate consideration, however the Employment Agreement does not recite and neither Inospine nor NuVasive provided any additional consideration to Kormanis.

43.     Therefore, pursuant to 28 U.S.C. §2201 et seq, should this Court determine it has jurisdiction over this matter, Kormanis respectfully requests the Court declare the purported restrictive covenants void and/or unenforceable for lack of consideration.

### Third Claim
### Declaratory Relief as to NuVasive and InoSpine
(Restrictive Covenants Unenforceable for Vagueness)

44.     Kormanis re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

45.     The Employment Agreement contains restrictive covenants preventing certain conduct by Kormanis in the Territory.

46.     The Employment Agreement allows that the Territory may be amended, but is ambiguous about how that amendment would affect the restrictive covenants.

47.     Because the relevant Territory is subject to change, the restrictive covenants as are unduly vague overly broad, and restrict more conduct than is necessary to protect Inospine's legitimate business interests

48.     Therefore, pursuant to 28 U.S.C. § 2201, et seq, Kormanis respectfully requests that the Court declare the purported restrictive covenants void and/or unenforceable for vagueness.

**Fourth Claim**
**Breach of Contract by Defendant Inospine, LLC**
(Unilateral Reduction of Territory)

49.     Kormanis re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

50.     Kormanis and Inospine entered into a valid contract, the Employment Agreement, which by its terms granted Kormanis the counties of Guilford, Forsyth, Rockingham, and Stokes as his sales Territory.

51.     The Employment Agreement stated that the Territory may be amended "from time to time upon mutual agreement of the parties."

52.     Inospine materially breached its contract with Kormanis by reducing Kormanis's Territory without mutual agreement, as demonstrated by the following illustrative but not exclusive list:

    a.     Refusing to pay Kormanis commission from sales in Rockingham County from 2015 through February 2018;

    b.     Refusing to pay Kormanis commission from sales in Forsyth County from December of 2017 through February of 2018;

    c.     Refusing to pay Kormanis commission from sales in Stokes County beginning in February of 2018;

    d.     Removing the aforementioned counties from Kormanis's territory over Kormanis's protests.

53.     As a direct and proximate result of Inospine's breach, in this respect, Kormanis has been damaged, in an amount to be determined at trial.

### Fifth Claim for Relief
### Breach of Contract as to Defendant Inospine, LLC
(Compensation and Reimbursements)

54.     Kormanis re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

55.     Kormanis and Inospine entered into a valid contract, the Employment Agreement, which referred to a commission structure discussed by the parties and which guaranteed that Inospine would reimburse Kormanis for "all properly documented necessary and reasonable business expenses, as determined by [Inospine]."

56.     Inospine breached the Employment Agreement by, among other things, unilaterally changing the commission structure from that referred to in the Employment Agreement.

57.     Inospine breached the Employment Agreement by, among other things, refusing to reimburse Kormanis for properly documented necessary and reasonable business expenses.

58.     As a direct and proximate result of Inospine's breaches of the Employment Agreement, Kormanis suffered damages, in an amount to be determined at trial.

## Prayer for Relief

**WHEREFORE,** Defendant and Crossclaim/Counterclaim Plaintiff, Kenneth Kormanis, prays the Court for the following relief:

1.      That the Court dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, as North Carolina citizens are on both sides of the controversy.

2.      That the Court issue a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201, declaring that the Employment Agreement as a whole is not valid, and/or that the restrictive covenants contained in the Employment Agreement are void and unenforceable on their face and/or as they apply to NuVasive and/or as they apply to Kormanis.

3.      That the issues of fact be decided by the Court;

4.      For Kormanis, compensatory damages, inter alia, unpaid commission and unpaid reimbursements, in an amount to be determined by the Court;

5.      For pre-judgment and post-judgment interest on all amounts found due to Kormanis at the legal rate;

6.       For such further and additional relief at law and equity as the Court may deem just and proper.

THIS THE 27TH DAY OF JULY, 2018.

SEIFERFLATOW, PLLC

By: S/ MATHEW E. FLATOW
MATHEW E. FLATOW
NC State Bar No. 35282
Counsel for Defendant Kenneth Kormanis
2319 Crescent Avenue
Charlotte, North Carolina 28207
(704) 512 0606

By: S/ ELIZABETH K VENNUM
ELIZABETH K. VENNUM
NC State Bar No. 49747
Counsel for Defendant Kenneth Kormanis
2319 Crescent Avenue
Charlotte, North Carolina 28207
(704) 512 0606

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on July 27, 2018 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties indicated on the electronic filing receipt.

**Christopher W. Cardwell**
**Marshall T. McFarland**
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.com
tmcfarland@gsrm.com
*Counsel for NuVasive*

**Jared E. Gardner**
**Tyler B. Peacock**
Gardner Skelton, PLLC
505 East Boulevard
Charlotte, NC 28203
jared@gardnerskelton.com
tyler@gardnerskelton.com
*Counsel for Michael Jones*

**Andrea Capua**
**Paul A. Capua**
Capua Law Firm, PA
164 Depot Street
Boone, NC 28607
acapua@dwc-law.com
paul@capualawfirm.com
service@capualawfirm.com
*Counsel for InoSpine*

THIS THE 27TH DAY OF JULY, 2018.

**SEIFERFLATOW, PLLC**

By:    S/ Elizabeth K. Vennum