UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| NUVASIVE, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH KORMANIS, | ) | Case No. 1:18-cv-00282 |
| | ) | |
|     Defendant and Crossclaim Plaintiff. | ) | |
| _____ | ) | |
| KENNETH KORMANIS, | ) | |
|     Crossclaim Plaintiff, | ) | |
| v. | ) | |
| JARRETT CLAY, | ) | |
|     Individually and as Member-Manager of InoSpine, LLC, and | ) | |
| INOSPINE, LLC, | ) | |
|     Crossclaim Defendants. | ) | |

**INOSPINE, LLC AND JARRETT CLAY'S MOTION AND MEMORANDUM
TO STRIKE AND/OR TO DISMISS DEFENDANT KORMANIS' "CROSSCLAIMS"
AND, ALTERNATIVELY, FOR ENTRY OF PROTECTIVE MEASURES**

_____

Crossclaim Defendants Jarrett Clay ("Clay") and InoSpine, LLC ("InoSpine") respectfully move this Court pursuant to Rules 14(a)(4) and 12(b)(6) of the Federal Rules of Civil Procedure

to strike or dismiss the crossclaims against InoSpine and Clay contained in Defendant Kenneth Kormanis' ("Kormanis") Answer to Amended Complaint and Crossclaims. (Doc. 83, pp. 11-26).

Alternatively, InoSpine and Clay move, pursuant to Rules 14(a)(4), 20(b) and 42(b) of the Federal Rules of Civil Procedure, for separate trials and separate discovery and case management plans, to avoid prejudice as a result of their having been brought back into this case with just over a month remaining before the currently scheduled trial date.

In support of this Motion, InoSpine and Clay state as follows.

### INTRODUCTION

Approximately ten months after the commencement of this action and nearly five months after stipulating to the dismissal of his claims against InoSpine, Defendant Kormanis now seeks to rejoin InoSpine (and Clay, its sole member) through the filing of improper and untimely "crossclaims." Kormanis cites inapplicable rules for joining non-parties and has failed to obtain leave of Court to do so at this late stage of the proceedings. Moreover, Kormanis is doing so after he had requested—and the parties agreed—to dismiss InoSpine from the case in September 2018. That agreement including dismissing InoSpine, dismissing all claims between InoSpine and Kormanis, and staying pending state court proceedings between Kormanis and InoSpine until the conclusion of this action.

Kormanis' attempt to join InoSpine and Clay as "crossclaim" defendants is not only legally unsupported and in violation of the parties' agreement, but also such joinder would be prejudicial to InoSpine and Clay, as well as NuVasive, unless protective measures were ordered. Such prejudice could only be avoided if the Court were to maintain the current deadlines applicable to NuVasive and Kormanis, and order a separate discovery and case management schedule, including a separate trial, for the decidedly separate issues raised in Kormanis' crossclaims.

2

Case 1:18-cv-00282-CCE-LPA   Document 129   Filed 02/25/19   Page 2 of 13

## PROCEDURAL BACKGROUND

On April 11, 2018, Plaintiff NuVasive, Inc. ("NuVasive") filed the initial Complaint against Defendants Michael Jones ("Jones") and Kormanis. (Doc. 1). On May 23, 2018, InoSpine and Clay were sued by Jones as additional counterclaim defendants. (Doc. 19)

On July 13, 2018, Kormanis included purported crossclaims against InoSpine in his Answer to NuVasive. (Doc. 39). On July 27, 2018, Kormanis filed an Amended Answer to the Complaint that reasserted his crossclaims against InoSpine and brought counterclaims against NuVasive for declaratory judgment (Doc. 43).[1] InoSpine then asserted counterclaims against Kormanis on August 10, 2018. (Doc. 47).

On September 7, 2018, a stipulation of dismissal was entered into whereby the counterclaims of Jones against InoSpine and Clay were dismissed. (Doc. 59). There being no other claims pending against Clay, he was dismissed from this action.

By a joint stipulation dated September 14, 2018, Kormanis and InoSpine agreed to dismiss all claims between them in this case, (Doc. 62), and then obtained a consent order shortly thereafter in the Superior Court of Mecklenburg County, North Carolina, in which they agreed to stay all claims in state court "pending conclusion of [this federal case] involving substantially the same parties and claims . . . including any appeals related thereto." *See* Stay Order **Ex. 1**. The stay order further provided that it "shall be lifted" only "upon notification by the Parties that [this federal case] has concluded" or "to the extent [this Court] sua sponte does not retain jurisdiction over the entirety of the Federal Action." *Id.*

---

[1] Kormanis later abandoned his counterclaims against NuVasive when he answered the Amended Complaint on December 4, 2018. (Doc. 83).

3

On November 6, 2018, NuVasive sought leave of the Court to amend its Complaint, which was granted, (Doc. 77), and NuVasive filed an Amended Complaint against Kormanis on November 20, 2018. (Doc. 82). NuVasive's Amended Complaint raises issues limited to Kormanis' actions (*e.g.*, his breach of non-competition obligation, tortious interference, etc.) *after* he resigned his employment with InoSpine.

On December 4, 2018, ten months after the commencement of this action, Kormanis filed an Answer to the Amended Complaint that asserted "crossclaims" against InoSpine and Clay—then non-parties—concerning InoSpine and Clay's alleged failure to pay his commissions, wages, and business expenses—alleged acts occurring *during* Kormanis' employment with InoSpine and unrelated to the amendments set forth in the Amended Complaint. (Doc. 83). As noted, Kormanis' Answer abandoned it counterclaims against NuVasive. *Id.*

NuVasive moved to strike Kormanis' crossclaims on January 4, 2019 (Doc. 87). Kormanis filed a "reply" in opposition to the motion to strike on January 22, 2019, (Doc. 92), and NuVasive filed its reply in support of its motion to strike on February 5, 2019 (Doc. 101).[2]

## ARGUMENT

The Court's consideration of the validity of Kormanis' crossclaims is governed by Federal Rule of Civil Procedure 13. Rule 13 allows crossclaims to be brought by a party against a either a co-party or any person who is required or permitted to be added to the action pursuant to Rules 19 or 20. *See* Fed. R. Civ. P. 13(g) & (h).

---

[2]    InoSpine and Clay do not seek to reargue the points raised by NuVasive in support of its motion to strike, which they adopt, but rather provide further support and perspective on why Kormanis' untimely and improper crossclaims should be stricken.

4

Kormanis' claims against InoSpine and Claim do not qualify under Rule 13, or any other applicable rule. To overcome this, Kormanis provides a biased account of the facts and record in an effort to thwart the protections against the indiscriminate joining of parties. As shown by NuVasive and further demonstrated below, InoSpine and Clay are not and should not be joined as parties to the action. The crossclaims do not arise from any of the amendments asserted in the Amended Complaint and, if allowed to go forward, would result in prejudice to the parties.

**I.      Kormanis Improperly Brings Crossclaims Against Non-Parties.**

Rule 13(g) of the Federal Rules of Civil Procedure states:

> "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

Fed. R. Civ. P. 13(g).

Because there is no provision in Rule 13(g) for asserting crossclaims against a non-party, "a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party." 6 Wright & Miller, *Federal Practice and Procedure* § 1435, at *271 (3d ed.2004).

*Fergus v. Faith Home Healthcare, Inc.* is instructive. There, defendant Faith Home Healthcare, Inc., sought to bring a crossclaim, pursuant to Rule 13(g), against a non-party, Patricia Clayborn. The Court found that, "Rule 13(g) is inapplicable here. Ms. Clayborn is not a party to this action, and thus Defendant may not file a crossclaim against her." *Fergus v. Faith Home Healthcare, Inc.*, 218CV02330JWLTJJ, 2018 WL 6727063, at *4 (D. Kan. Dec. 21, 2018).

5

In an apparent to effort to circumvent these requirements, Kormanis argues that this case is like *Stonecrest Partner*[3] by asserting that "Kormanis has already asserted counterclaims against NuVasive in this action, thus fulfilling the requirement that Kormanis has already asserted such claims against an existing party to these proceedings. *See* Doc. 39." While that was true initially (*see* Doc. 43), Kormanis fails to note that he abandoned the counterclaims against NuVasive when he answered the Amended Complaint, (Doc. 83), and he thus has no counterclaims against NuVasive.

Kormanis' crossclaims are directed solely against InoSpine and Clay, who, following the dismissals entered into by both Jones and Kormanis on September 7 and 14, 2018, respectively, were dismissed from the case and no longer parties to this action. Therefore, Rule 13(g) is inapplicable whichever interpretation of Rule 13 the Court adopts.

## II. <u>InoSpine And Clay Cannot Be Properly Joined Under Rule 13(h)</u>.

Kormanis' claims against InoSpine and Clay are not authorized under Rule 13(h) either. Rule 13(h) requires that parties to an action be joined only pursuant to Rule 19 or Rule 20 as either required or permitted parties, respectively. Fed. R. Civ. P. 13(h). Neither of these rules applies.

To determine whether InoSpine and Clay are required parties under Rule 19 the court considers (1) whether complete relief can be accorded among the existing parties in its absence, (2) whether non joinder of InoSpine may impede InoSpine from protecting its own interests and (3) whether failure to join InoSpine will leave an existing party subject at substantial risk of

---

[3] While the Fourth Circuit has not addressed the issue, *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 7:10-CV-63-FL, 2011 WL 3664412, at *3 (E.D.N.C. Aug. 18, 2011) adopts a more liberal interpretation of Rule 13(h), one that "imposes as a necessary prerequisite that the defendant first assert a claim against another cross-claim defendant before joining cross-claimants who are not parties to the action.") (internal quotations omitted).

multiple or inconsistent obligations. *See Key Constructors, Inc. v. Harnett County,* 315 F. R. D. 179, 185 (E.D.N.C. 2016); Fed. R. Civ. P. 19.

None of these considerations favor Kormanis. In his "reply" brief to NuVasive's motion to strike, Kormanis' principal arguments are that this Court cannot afford complete relief in the absence of InoSpine and Clay and that there is a "potential for inconsistent judgments between federal and state courts" if Kormanis were required to litigate his claims against InoSpine and Clay in state court. (Doc. 92, p 5). Because Kormanis' crossclaims against InoSpine and Clay are indisputably unrelated to all of NuVasive's claims against Kormanis and thus could not result in inconsistent judgments, his theory rests on an assumption that InoSpine would assert counterclaims against Kormanis in state court similar to NuVasive's claims here. (Doc. 92 p 4). While that may be true, that fact does not support Kormanis' arguments. First, any counterclaim by InoSpine in state court would have no bearing on this Court's ability to afford NuVasive complete relief on *NuVasive's* claims against Kormanis. Also, the doctrine of collateral estoppel would prevent Kormanis from litigating the same issues in state court. *See Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) (discussing five elements needed to establish collateral estoppel that are easily satisfied when applied to this case).

In fact, by his agreement to dismiss InoSpine from this case back in September 2018, Kormanis has acknowledged that InoSpine is not a required party under Rule 19 and should be estopped from taking a contrary position now.

Rule 20 is equally inapplicable for a number of reasons. Rule 20(a)(2) states that a person may be joined as a defendant in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Kormanis has failed to identify any right to relief that could be jointly and severally asserted against Kormanis, InoSpine and/or Clay. NuVasive has asserted no claims against Kormanis for which InoSpine or Clay could be remotely responsible. The pre-termination wage and hour issues asserted by Kormanis in his crossclaims against InoSpine and Clay are totally unrelated to the circumstances surrounding Kormanis' breach of his post-employment obligations and there is thus no common question of law or fact that could apply between the two sets of disparate claims.

### III.  The Court Should Order Protective Measures if Joinder is Permitted

If the Court were to allow Kormanis' crossclaims to proceed, then it should do so only after ensuring that certain protective measures are in place to avoid prejudice to the parties.

Under Federal Rule of Civil Procedure 20(h), this Court "may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(h); *see also* Rule 14(a)(4) ("Any party may move to strike the third-party claim, to sever it, or to try it separately"); *and* Rule 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

Such measures would include a brief period of time following such an order to allow InoSpine and Clay to respond to the crossclaims on the merits. In addition, given that this case is set for trial in early April 2019 (and nearly all of the discovery and pre-trial deadlines have passed

8

in the absence of InoSpine and Clay's participation), InoSpine and Clay would request separate trials and a separate discovery and case management plan to begin after the April trial date.

Considerations and principles of fairness require nothing less. Kormanis is seeking to join InoSpine and Clay late in these proceedings due to circumstances of Kormanis' own making and beyond the control of InoSpine and Clay. Kormanis previously—and at his own request—dismissed InoSpine from the action with an agreement to stay further state court proceedings until the disposition of this action. Implicit within that agreement was the understanding that Kormanis would not sidestep that stay by rejoining InoSpine and Clay, particularly when it would be prejudicial to do so. Joining InoSpine and Clay in this case after discovery cut-off, after many of the pretrial deadlines have passed, and just weeks before the trial is scheduled to begin will cause extraordinary delay, expense, and prejudice not only to InoSpine but also to the other parties. As such, if joinder is permitted, the Court should order separate trials, a new discovery and case management plan, separate judgments, and so on. Furthermore, to avoid prejudice to the existing parties, it should not result in the postponement of the current trial date or other extant deadlines.

## CONCLUSION

In conclusion, the Court should strike and or dismiss Defendant Kormanis' untimely and improper "crossclaims." If, however, the claims are permitted, the Court should order protective measures to ensure that the current trial schedule and pretrial deadlines are not impacted and that the claims between Kormanis, InoSpine, and Clay proceed toward separate trials and in an orderly manner, and for such other and further relief as the Court deems just and proper.

9

This the 25th day of February, 2019.

        Respectfully submitted,

        **/s/ Paul A. Capua**
        Paul A. Capua / N.C. State Bar No. 40239
        CAPUA LAW FIRM, PA
        164 South Depot Street
        Boone, NC 28607
        Telephone: (828) 264-0260
        Fax: (828) 378-0236
        E-mail: paul@capualawfirm.com

        **/s/ Andrea Capua**
        Andrea Capua / N.C. State Bar No. 20274
        di Santi Watson Capua Wilson & Garrett, PLLC
        642 West King Street
        P.O. Box 193
        Boone, NC   28607
        Telephone: (828) 264-6126
        Fax: (828) 264-7743
        E-mail:  acapua@dwc-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The party or parties served are as follows:

| | |
|---|---|
| Mathew E. Flatow<br>N.C. State Bar No. 35282<br>SeiferFlatow<br>2319 Crescent Avenue<br>Charlotte, NC 28207<br>Telephone: (704) 512-0606<br>Mathew@seiferflatow.com<br>*Attorneys for Kenneth Kormanis* | Arcangela M. Mazzariello<br>Law Office of Arcangela M. Mazzariello<br>402 S Broad Street<br>Gastonia NC 28054-4303<br>arcmazzesq@gmail.com<br>*Attorneys for Kenneth Kormanis* |

Christopher W. Cardwell, Esq. (Local Civil Rule 83.1 Counsel) (Tennessee Bar No. 19751)
M. Thomas McFarland, Esq. (Local Civil Rule 83.1 Counsel) (Tennessee Bar No. 033432)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
tmcfarland@gsrm.com
*Attorneys for Plaintiff NuVasive*

                                                    /s/ Paul A. Capua

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 18-CVS-5825 |

KENNETH KORMANIS, )
)
      Plaintiff, )
)
v. )
)
INOSPINE, LLC, )
)
)
      Defendant. )
)

MECKLENBURG COUNTY
FILED #64
SEP 2 5 2018
AT_____O'CLOCK\_\_\_M
BY_____
CLERK OF SUPERIOR COURT

## AMENDED CONSENT ORDER STAYING CASE

THIS MATTER is presently before the Court on the Parties Joint Motion to Stay Case. The Court has considered the Motion and its exhibits and the agreement of the Parties and for good cause shown, it is ORDERED AND ADJUGED as follows:

1. This action is stayed pending the conclusion of the federal court case involving substantially the same parties and claims, styled *NuVasive, Inc. v. Kenneth Kormanis, et al.*, Civil Action No. 1:18-cv-00282 (M.D.N.C) ("Federal Action"), including any appeals related thereto.

2. This stay shall be lifted upon notification by the Parties that the Federal Action has concluded as set forth above, or to the extent the federal court sue sponte does not retain jurisdiction over the entirety of the Federal Action.

3. The statute of limitations on any unasserted claims or counterclaims are tolled pending the lifting of the stay and neither party can argue in any further proceedings in this Court that the parties to the Federal Action are necessary or indispensable parties to these proceedings.

4. The terms of this order may be modified, amended, or extended on motion of any party for good cause shown.

DONE AND ORDERED in Mecklenburg County, North Carolina, on the 25 day of September, 2018.

The Honorable Superior Court Judge

**AGREED AND CONSENTED TO:**

Mathew E. Flatow *for*
N.C. State Bar No. 35282
SEIFERFLATOW, PLLC
2319 Crescent Avenue
Charlotte, NC 28207
Telephone: (704) 512-0606
Mathew@seiferflatow.com
*Attorneys for Kormanis*

/s/Paul A. Capua
Paul A. Capua / N.C. State Bar No. 40239
Genevieve A. Mente / N.C. State Bar No. 41887
CAPUA LAW FIRM, PA
164 South Depot Street
Boone, NC 28607
Telephone: (828) 264-0260
Fax: (828) 378-0236
E-mail: pcapua@capualawfirm.com
E-mail: gmente@capualawfirm.com
*Attorneys for InoSpine, LLC.*

Andrea Capua / N.C. State Bar No. 20274
di Santi Watson Capua Wilson & Garrett, PLLC
642 West King Street
P.O. Box 193
Boone, NC 28607
Telephone: (828) 264-6126
Fax: (828) 264-7743
E-mail: acapua@dwc-law.com
Fax: 954-370-1992
*Attorneys for InoSpine, LLC*