IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NUVASIVE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CV-282 |
| | ) | |
| KENNETH KORMANIS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The plaintiff, NuVasive, Inc., moved for imposition of sanctions against the defendant, Kenneth Kormanis, for spoliation of evidence. Doc. 85. The Magistrate Judge issued a memorandum opinion, order, and recommendation, Doc. 154, granting the motion in part and recommending additional action by the Court. Mr. Kormanis has objected to the Magistrate Judge's ruling. Doc. 165. For the reasons set forth in open court on March 26, 2019, and as supplemented below, the Court finds that the Magistrate Judge's ruling is without error and adopts it in full.

In the challenged order and recommendation, the Magistrate Judge found Mr. Kormanis failed to take reasonable steps to preserve text messages to and from his phone that should have been preserved in anticipation or conduct of litigation, that such messages cannot be restored or replaced through additional discovery, and that this prejudiced NuVasive. Doc. 154 at 2–3. The Magistrate Judge concluded that the record supports, but does not compel, a finding that Mr. Kormanis acted with the intent to deprive NuVasive of the use of the text messages in litigation. *Id.* at 4.

The Magistrate Judge authorized NuVasive to depose an additional witness, Ashley Warrick, beyond the discovery deadline at Mr. Kormanis' expense; set a deadline of March 27, 2019, for the parties to file a joint notice confirming their resolution of, or setting out their positions on, the payment of those deposition expenses; ordered Mr. Kormanis to pay NuVasive's reasonable expenses, including attorney's fees, associated with drafting, filing, briefing, and orally arguing NuVasive's motion for sanctions; and set a deadline of March 27 for the parties to file a joint notice confirming their resolution of, or setting out their positions on, the payment of NuVasive's expenses associated with its motion for sanctions. *Id.* at 41–42. The Magistrate Judge recommended that the Court defer until trial a decision on whether more serious measures are needed to cure the prejudice to NuVasive from the lost evidence, and that the Court submit to the jury, with appropriate instruction, the disputed question of whether Mr. Kormanis acted with the intent to deprive NuVasive of use of the lost evidence in litigation. *Id.* at 42–43.

Mr. Kormanis objects to the award of attorney's fees incurred in bringing the motion for sanctions and contends the Magistrate Judge "did not have the ability to consider the spoliation of evidence" allegedly committed by non-party Jarrett Clay, which Mr. Kormanis apparently discovered after the spoliation hearing, and "which may have affected the overall recommendations as to Kormanis." Doc. 165 at 6–7, 10.

The Court reviews the order and recommendation of the Magistrate Judge on this "pretrial matter [that is] not dispositive of a party's claim or defense" for clear error. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Gardendance, Inc. v. Woodstock*

*Copperworks, Ltd.*, 230 F.R.D. 438, 447 (M.D.N.C. 2005).[1] The Court has reviewed the Magistrate Judge's order and finds it to be without error, much less clear error.

Whether Mr. Clay spoliated evidence from his cell phone is largely irrelevant to whether Mr. Kormanis spoliated messages on his phone, and, if so, to what sanctions were warranted to cure or limit any prejudice this may have caused NuVasive. The Court will address Mr. Kormanis' motion for sanctions against Mr. Clay for spoliation of evidence, Doc. 126, separately and in due course. And while Mr. Kormanis did ultimately obtain some of his cell phone messages from other sources and provide them to NuVasive, it is clear that NuVasive suffered prejudice and incurred costs. The amount of a reasonable attorney's fee has yet to be determined, and objections grounded in the amount are premature.

As stated in open court on March 26, the Court overrules Mr. Kormanis' objections and affirms and adopts the Magistrate Judge's order and recommendation in full, including as to scheduling resolution of the amount of attorneys' fees and costs.

It is **ORDERED** that the plaintiff NuVasive's motion for imposition of sanctions for spoliation of evidence, Doc. 85, is **GRANTED IN PART**, the defendant Kenneth

---

[1] Mr. Kormanis is incorrect that this Court must review *de novo* those portions of the Magistrate Judge's report to which objection has been made. Doc. 165 at 6. The Federal Magistrates Act, 28 U.S.C. § 636(b)(1), only requires *de novo* review of a magistrate judge's recommendations on "dispositive" matters, including but not limited to summary judgment motions and motions to dismiss for failure to state a claim. *Gardendance*, 230 F.R.D. at 447; *see also* Fed. R. Civ. P. 72(b). The district court reviews a magistrate judge's ruling on a non-dispositive matter solely to determine whether it is "clearly erroneous or contrary to law." *See, e.g., Gardendance*, 230 F.R.D. at 447; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Magistrate Judge's spoliation order concerns a non-dispositive matter, and as such, is subject to review for clear error. However, the Court would adopt the Magistrate Judge's order here even if *de novo* review applied.

Kormanis' objections to the Magistrate Judge's order and recommendation, Doc. 165, are **OVERRULED**, and the Magistrate Judge's order and recommendation, Doc. 154, is **AFFIRMED** and **ADOPTED IN FULL**.

This the 29th day of March, 2019.

_____
UNITED STATES DISTRICT JUDGE